IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX NEFTALY IRAHETA JIMENEZ, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | NO. 4:16-CV-01749 |
| 5454 AIRPORT, L.L.C., BLP OPERATIONS, LLC, AND PATRICIA BOULOS GANIM | | |
| Defendants. | | |

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Alex Neftaly Iraheta Jimenez (referred to as "Plaintiff" or "Jimenez") bring this lawsuit to recover unpaid overtime wages and damages from an on the job injury from 5454 Airport, L.L.C. ("Airport"), BLP Operations, LLC ("BLP"), Little York Plaza Texaco, LLC ("Texaco"), and Patricia Boulos Ganim ("Ganim") (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

**I. N<small>ATURE OF</small> S<small>UIT</small>**

1. Jimenez's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). Additionally, Jimenez brings state law claims for negligence (worker's compensation non-subscribers).

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants 5454 Airport, L.L.C., BFLP Operations LLC, Little York Plaza Texaco, LLC and Ganim violated the FLSA by employing Jimenez and other similarly situated nonexempt employees at a rate below the minimum wage. 29 U.S.C. § 206(a)(1).

4. Defendants 5454 Airport, L.L.C., BFLP Operations LLC, Little York Plaza Texaco, LLC and Ganim violated the FLSA by employing Jimenez and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. Defendants 5454 Airport, L.L.C., BFLP Operations LLC, Little York Plaza Texaco, LLC and Ganim violated the FLSA by failing to maintain accurate time and pay records for Jimenez and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

## II. JURISDICTION & VENUE

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. The Court has supplemental jurisdiction over Jimenez's claims under Texas law pursuant to 28 U.S.C. § 1367(a) because they are so related to his claims under 42 U.S.C. §§ 1983, 1988 and U.S. CONST. amend. I, IV & XIV that they form part of the same case or controversy under U.S. CONST. art. III.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Jimenez's claims occurred in the Houston Division of the Southern District of Texas.

## III. PARTIES

9. Plaintiff Alex Neftaly Iraheta Jimenez is an individual residing in Harris County, Texas.

10. Defendant 5454 Airport, L.L.C. is a Texas limited liability corporation that may be served with process by serving its registered agent, Assad N. Boulos, at 16214 Chasemore Dr., Spring, Texas 77379. Alternatively, if the registered agent of 5454 Airport, L.L.C. cannot with reasonable diligence be found at the company's registered office, 5454 Airport, L.L.C. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Defendant BFLP Operations, LLC is a Texas limited liability corporation that may be served with process by serving its registered agent, Percy L. Isgitt, at 800 Sawyer, Houston, Texas 77007. Alternatively, if the registered agent of BFLP Operations, LLC cannot with reasonable diligence be found at the company's registered office, BFLP Operations, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Defendant Little York Plaza Texaco, LLC is a Texas limited liability corporation that may be served with process by serving its registered agent, Percy L. Isgitt, at 800 Sawyer, Houston, Texas 77007. Alternatively, if the registered agent of BFLP Operations, LLC cannot with reasonable diligence be found at the company's registered office, BFLP Operations, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

13. Defendant Patricia Boulos Ganim is an individual who may be served with process at 13514 Bedford Chase, Cypress, Texas 77429 or wherever she may be found.

14. Whenever it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of

employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

15. Defendants owned, managed, controlled and operated a gas station and convenient store named, Airport Texaco located at 5454 Airport Boulevard in Houston, Texas.

16. Jimenez was employed by Defendants Airport and Ganim from approximately October 2010 through March 2016 as a cashier at the Airport Texaco.

17. During Jimenez's employment with Defendants, he was engaged in commerce or the production of goods for commerce.

18. During Jimenez's employment with Defendants, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

19. Defendants paid Jimenez on an hourly basis.

20. Defendants paid Jimenez at a rate below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

21. Defendants knew or reasonably should have known that Jimenez was not exempt from the minimum wage requirements of the FLSA.

22. During Jimenez's employment with Defendants, he regularly worked in excess of forty hours per week.

23. Defendants knew or reasonably should have known that Jimenez worked in excess of forty hours per week.

24. Defendants did not pay Jimenez overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

25. Defendants knew or reasonably should have known that Jimenez was not exempt from the overtime provisions of the FLSA.

26. Defendants failed to maintain accurate time and pay records for Jimenez and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

27. Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

28. Defendants are liable to Jimenez for his unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

29. Additionally, on or about October 18, 2015 at approximately 12:00 a.m., while Jimenez was working his shift at the Airport Texaco, the convenience store was robbed.

30. During the course of the robbery, Jimenez was brutally and savagely attacked and held at gun point. Ultimately, Jimenez was shot in the chest. As a result, Jimenez has to be rushed to the hospital via ambulance.

31. Subsequently, Plaintiff sustained severe injuries to his face, chest and back requiring ongoing medical treatment and physical therapy as a result of the on the job injury. Further, Jimenez has and continues to experience mental pain, suffering and other affects from the attack at the Airport Texaco.

32. Plaintiff would further show that Defendants were eligible to be a subscriber of worker's compensation insurance under the Worker's Compensation Act of the State of Texas, but Defendants chose not to be insured, and because of such, Defendants have forfeited all of its common law defenses.

## VI. COUNT ONE— FAILURE TO PAY THE MINIMUM WAGE IN VIOLATION OF 29 U.S.C. § 206(A)

33. Plaintiff adopts by reference all of the facts set forth above.

34. During Jimenez's employment with Defendants, he was a nonexempt employee.

35. As a nonexempt employee, Defendants were legally obligated to pay Jimenez at the minimum wage. 29 U.S.C. § 206(a)(1).

36. Defendants failed to pay Jimenez for the hours he worked at the minimum wage.

37. Instead Defendants employed Jimenez at a rate below the minimum wage and/or made unlawful deductions from his wages that caused his regular rate to fall below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

38. If Defendants classified Jimenez as exempt from the minimum wage requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with minimum wage requirements of the FLSA.

39. Defendants knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, Defendants willfully violated the minimum wage requirements of the FLSA.

## VII. COUNT TWO—FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(A)

40. Plaintiff adopts by reference all of the facts set forth above.

41. During Jimenez's employment with Defendants, he was a nonexempt employee.

42. As a nonexempt employee, Defendants was legally obligated to pay Jimenez "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

43. Defendants failed to pay Jimenez for the hours he worked over forty in a workweek at one and one-half times his regular rate.

44. Instead, Defendants paid Jimenez for the hours worked over forty per week at his straight time rate in violation of 29 U.S.C. § 207(a)(1).

45. If Defendants classified Jimenez as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

46. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendants willfully violated the overtime requirements of the FLSA.

## VIII. COUNT THREE—FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211(C)

47. Plaintiff adopts by reference all of the facts set forth above.

48. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

49. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

## IX. COUNT FOUR— RESPONDEAT SUPERIOR

50. Plaintiff adopts by reference all of the facts set forth above.

51. In addition to its individual liability, Defendants are vicariously liable to Plaintiff under the theories of agency and *Respondeat Superior* for any and all acts and omissions committed by its representatives, agents, servants, managers and/or employees acting within the scope of their employment with Defendants.

52. Plaintiff was injured as a result of these acts and/or omissions, which were committed within the Defendants' general authority, in furtherance of Defendants' business, and for the accomplishment of the objectives for which the agents, representatives, servants, managers and/or employees were hired.

## X. COUNT FIVE—NEGLIGENCE

53. Plaintiff adopts by reference all of the facts set forth above.

54. As Plaintiff's employer, Defendants owed Plaintiff a duty to provide Plaintiff with a safe working environment. Defendant's failure to provide a safe working environment for Plaintiff constitutes negligence and was a direct and proximate cause of the injuries sustained by Plaintiff. This negligence included:

    a.    Failing to provide a reasonably safe place to workplace;

    b.    Failing in the selection, hiring, supervision, training, and/or retention of its management personnel;

    c.    Failing in the selection, hiring, supervision, training, and/or retention of those charged with premise safety and security;

    d.    Failing to install, maintain and/or repair operable lighting and other safety measures;

    e.    Failing to take sufficient affirmative action to correct, control or avoid the increasing danger from circumstances which Defendants and/or its agents, servants, and/or employees created and allowed to persist (i.e. failure to provide security guards, inadequate surveillance, inadequate lighting around the parking lots and building structures);

    f.    Failing to inspect the Airport Texaco in order to properly communicate the dangerous conditions to patrons created by inadequate lighting, and absence of surveillance and security guards; and

    g.    Failing to use ordinary care to enact and application of rules, policies, procedures and practices designed to warn of and prevent injury to employees from known or foreseeable criminal activity.

55. Each of these acts and omissions, singularly and in combinations with each other, constitutes negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages, which are within the jurisdictional limits of this Court.

## XI. Actual Damages

56. Plaintiff suffered significant and permanent injuries to his face, chest and back as a result of the incident made the basis of this lawsuit. Since the date of the occurrence made the basis of this suit, Plaintiff has had follow up medical care to treat his injuries. Since the injuries were received by Plaintiff, he has experienced severe mental and physical pain and will suffer pain and anguish for a long time into the future, the duration of which will depend upon Plaintiff's progress. Plaintiff likewise has been disabled from the performance of labor since the date of the accident made the basis of this suit, and Plaintiff alleges that such disability will continue for a long time in the future.

57. Further, on account of the nature, seriousness and severity of the above described injuries, Plaintiff has required medical care. Plaintiff has been required to pay and incur liability to pay the charges which have been made for such medical services. It is reasonably probable that Plaintiff will require additional medical attention or medical care, nursing and hospital services, and Plaintiff will be required to pay and incur liability to pay the charges which will be made for such services. The charges which have been made and will be made for services rendered to Plaintiff have represented and will represent the usual, reasonable and customary

charges for like and similar services in the vicinity where they have been made and will be rendered. All of such services, both past and future, have been made and will be made necessary in connection with the proper treatment of the injuries suffered by Plaintiff as a result of occurrence made the basis of this lawsuit.

58. Accordingly, Plaintiff sues for damages that sustained in the form of past and future physical pain and mental anguish, past and future reasonable and necessary medical expenses, past and future physical impairment, past and future disfigurement and past and future lost wages and earning capacity.

## XII. Jury Demand

59. Plaintiff demands a trial by jury.

## XIII. Prayer

60. Plaintiff prays for the following relief:

  i. Judgment awarding Jimenez all unpaid regular and overtime compensation, liquidated damages, attorneys' fees and costs;

  v. actual damages;

  vi. past and future medical expenses;

  vii. past and future mental anguish;

  viii. past and future physical pain and suffering;

  ix. past and future physical impairment;

  x. past and future disfigurement;

  xi. past and future loss of consortium;

  xii. exemplary damages;

xiii.  costs of court;

xiv.  prejudgment interest at the applicable rate;

xv.  postjudgment interest at the applicable rate; and

xvi.  All such other and further relief to which Jimenez may show himself to be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Rochelle Owens
State Bar No. 24048704
Federal Id. No. 590507
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF ALEX NEFTALY IRAHETA JIMENEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October in the year 2016, I filed this document with the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Melissa Moore
Melissa Moore