IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALEX NEFTALTY IRAHETA** | § | |
| **JIMENEZ, Individually and On Behalf** | § | |
| **of All Others Similarly Situated,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-01749** |
| | § | |
| **1) 5454 AIRPORT, LLC;** | § | |
| **2) BFLP OPERATIONS, LLC; AND** | § | |
| **3) PATRICIA BOULOS GANIM** | § | |
| | § | |
| **DEFENDANTS** | § | |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, 5454 Airport, LLC, BFLP Operations, LLC (incorrectly named in portions of Plaintiff's First Amended Complaint as BLP Operations, LLC), Little York Plaza, LLC (incorrectly named as in portions of Plaintiff's First Amended Complaint as Little York Plaza Texaco, LLC), and Patricia Boulos Ganim, hereby file this Motion for Partial Summary Judgment.

## A. Introduction

1.    Plaintiff Alex Neftalty Iraheta Jimenez ("Plaintiff" or "Jimenez") sued 5454 Airport, L.L.C. ("Defendants" or "Airport") alleging violations of the Fair Labor Standard Act of 1938, 29 U.S.C. Sections 201-219 ("FLSA"), respondeat superior, negligence, premises liability, and workers' compensation non-subscribers. Plaintiff alleged that Defendants did not pay him minimum wage, overtime, or keep accurate time and pay records. Plaintiff also alleged state law negligence and premises liability claims after Plaintiff was shot in an attempted robbery at Defendant's gas station on or about October 18, 2015. Thereafter,

Plaintiff filed his First Amended Complaint, alleging violations of the FLSA, respondeat superior, and negligence. However, Plaintiff did not assert his premises liability cause of action in his First Amended Complaint.

2. Defendants hereby move for partial summary judgment on plaintiff's negligence on the basis that the criminal conduct of third parties that engaged in the attempted robbery of the gas station and convenience store located at 5454 Airport Blvd which caused Plaintiff's injuries was not foreseeable and is a superceding cause that relieves Defendants of liability. Plaintiff's effectively non-suited his premises liability claim when he abandoned it. Plaintiff's alleged negligence claims, however, should be properly characterized as premises liability claims.

3. Defendants are entitled to partial summary judgment on Plaintiff's premises liability cause of action because Plaintiff cannot establish an essential elements of the cause of action – that Defendant's owed a duty to provide security measures to because there is no evidence that Defendant's could reasonably have foreseen the likelihood of the attempted robbery. Additionally, Defendants are entitled to partial summary judgement on Plaintiff's alleged claim for failure to maintain worker's compensation insurance because there is no such requirement in Texas. Therefore, defendants 5454 Airport, LLC, BFLP Operations, LLC, Little York Plaza, LLC, and Patricia Boulos Ganim move for partial summary judgment.

## B. Statement of Facts

4. Plaintiff worked at Defendants gas station and convenience store, Airport Texaco, located at 5454 Airport Boulevard in Houston, Texas from about October 2010 to March 2016 as a cashier.

2

5.      On or about October 18, 2015, while Plaintiff was working the night shift at Defendant's store, there was an attempted robbery. During the course of the attempted robbery, Plaintiff shot back at the unknown third party criminals and caused them to flee the scene. Plaintiff was shot in the shoulder. He went to the hospital and was released the next day.

6.      Plaintiff alleged that the conditions of the premises posed unreasonable risks of harm to invitees, including Plaintiff, that Defendants failed to take reasonable care in maintaining the premises in a safe condition, and that Defendants failed to warn patrons and invitees of the frequency of criminal activity at and near the premises. *Id.*

7.      Plaintiff's premises liability claims do not raise a genuine issue of material fact because Plaintiff cannot establish an essential elements of the cause of action – that Defendant's had a duty of care to protect Plaintiff because the third party criminal acts which caused Plaintiff's injuries was unforeseeable.

### B. Summary Judgment Standard

8.      Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Substantive law identifies the facts that are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under Fed. R. Civ. P. 56(c), the moving party bears the initial burden of "informing the district court of the basis of its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 31, 323 (1986); *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir.1994).

3

9.     Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir.200). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.*

10.     Defendants move for partial summary judgment because there is no evidence to support an essential element of Plaintiff's premises liability claim – that Defendant's had a duty of care to protect Plaintiff because the third party criminal acts which caused Plaintiff's injuries was unforeseeable. The deadline for the discovery period and the deadline to designate expert witnesses have passed and Plaintiff did not designate any expert witnesses. Therefore, Plaintiff cannot produce expert testimony to establish the *Timberwalk* factors – proximity, recency, frequency, similarity and publicity – which must be considered to determine whether the criminal conduct was foreseeable. *Timberwalk Apartments Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). Defendants are entitled to partial summary judgment based on Plaintiff's claims because there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Therefore, Defendants request that this Motion for Partial Summary Judgement be granted and for all other relief requested.

## C. Argument and Authorities

4

### C(1) Plaintiff's Claims are for Premises Liability

11.    Plaintiff asserted a cause of action for premises liability in his Original Complaint. *See* Plaintiff's Original Petition, pages 10-12, attached as Exhibit A. With respect to Plaintiff's claims, Plaintiff essentially abandoned his premises liability claim in his First Amended Petition. *See* Plaintiff's First Amended Petition, attached as Exhibit B *see* also Order signed April 30, 2017, attached as Exhibit C and Order signed May 23, 2017, attached as Exhibit D. Instead, Plaintiff's First Amended Complaint alleged seven acts of negligence against Defendants. However, these alleged negligence claims are in fact premises liability claims couched under negligence cause of action.

12.    For premises liability to control a case, the Plaintiff's injury must have been caused by a condition of the premises or by some activity that occurred on the premises earlier and was not ongoing at the time of the injury. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992); *Haney v. Jerry's GM, Ltd.*, 346 S.W.3d 597, 599-600 (Tex.App.–El Paso 2009, no pet.). However, in a negligent-activity case, the Plaintiff's injury is a result of an activity rather than a condition created by the activity. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006).

13.    Plaintiff alleges that Defendants failed to provide Plaintiff with a safe working environment, including: failing in the selection, hiring, supervision, training, and/or retention of those charged with premises safety and security; failing to install, maintain, and/or repair operable lighting and other safety measures; failure to provide security guards, inadequate surveillance, inadequate lighting; failure to inspect the Airport Texaco; failure to use ordinary care to enact and apply rules and practices designed to warn and prevent injuries

to employees from known or foreseeable criminal activity. *See* Exhibit B, page 10. Each of these alleged acts or omissions are conditions of the property, not activities of Defendants that were on-going at the time of the incident which forms the basis of this suit. Therefore, Plaintiff's injuries are for premises liability, not negligence.

14. The elements of a premises liability claim are:

1. The Plaintiff was an invitee;

2. The Defendants were possessors of the premises;

3. A condition on the premises posed an unreasonable risk of harm;

4. The Defendants knew or reasonably should have known of the danger;

5. The Defendants breached their duty of ordinary care by

  (1) failing to adequately warn the plaintiff of the condition, or

  (2) filing to make the condition reasonably safe.

6. The Defendants' breach proximately cause Plaintiff's injury.

**C(2) Plaintiffs Cannot Present Evidence that Defendants Breached
their Duty of Care because the Criminal Conduct at Issue was Not Foreseeable**

15. In order to prove an action for premises liability, the invitee must establish that a condition on the premises posed an unreasonable risk of harm. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex.2007); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex.2006). The Texas Supreme Court has defined a condition presenting an unreasonable risk of harm as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen the likelihood of

that harmful event or some similar event. *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex.1970).

16. If an ordinarily prudent person could foresee that harm was a likely result of a condition, then it is a danger. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975). Foreseeability requires only that the general danger – not the exact sequence of events that produced the injury – be foreseeable. *Timberwalk Apts., Partners v. Cain*, 972 S.W.2d 749, 756 (Tex.1998).

17. Generally, a possessor has no legal duty to protect a person from the criminal acts of a third party. *Del Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex.2010); *Timberwalk,* 972 S.W.2d at 756; *see also* Restatement of Torts Section 315. The rule is that an act of a third person in committing an intentional tort or crime is a superseding cause of harm that relieves the possessor of liability. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 550 (Tex.1985).

18. Texas has a strong policy against holding individuals liable for the criminal misconduct of third parties.[1] In perhaps the strongest statement of this policy, the Texas Legislature has prohiited courts from awarding exemplary damages against a defendant when the injury is caused by the criminal acts of a third party. Tex. Civ. Prac. & Rem. Code

---

[1] *See Phan Son Van v. Pena*, 990 S.W.2d 751 (Tex. 1999) (summary judgment affirmed in favor of convenience store for lack of foreseeability where two teenaged females were sexually assaulted and murdered by gang members); *Timberwalk Apartments Partners, Inc. v. Cain*, 972 S.W.2d 749 (Tex. 1998) (judgment in favor of landlord and management company affirmed for lack of foreseeability where tenant raped at apartment complex); *Barton v. Whataburger, Inc.*, 276 S.W.3d 456 (Tex. App. – Houston [1st Dist.] 2008, pet. denied) (summary judgment affirmed for lack of foreseeability where restaurant employee shot dead during robbery); *Garcia v. El Paso Ltd.*, 203 S.W.3d 432 (Tex. App. – El Paso 2006, no pet.) (summary judgment affirmed for lack of foreseeability where restaurant patron shot by gang member); *Boggs v. Bottomless Pit Cooking Team*, 25 S.W.3d 818 (Tex. App. – Houston [14th Dist.] 2000, no pet.) (summary judgment affirmed in favor of cooking team for lack of foreseeability where criminal assault by patron resulted in death of another patron).

§ 41.005(a); *see also Heathcare Centers of Texas, Inc. v. Rigby,* 97 S.W.3d 610, 618-20 (Tex.App. – Houston [14th Dist.] 2002, pet. Denied), disapproved on other grounds, *Diversicare Gen Partner, Inc. v. Rubia*, 185 S.W.3d 842, 853 (Tex.2005); *Pico v. Cariccio Italian Restaurant, Inc.*, 209 S.W.3d 902, 904 (Tex.App. – Houston [14th Dist.] 2006, no pet.).

19.     In the present matter, the attempted robbery which led to Plaintiff's injuries was caused by the criminal act of a third party. In *Timberwalk Apartments Partners, Inc. v. Cain*, the Texas Supreme Court clearly articulates that a party has no legal duty to protect another from the criminal acts of a third person. 972 S.W.2d at 756. The exception to this general rule is that a possessor does have a duty to use ordinary care to protect invitees from criminal acts of third parties if the possessor knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee. *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997); *see Mayer v. Willowbrook Plaza L.P.*, 278 S.W.3d 901, 916 (Tex.App. – Houston [14th Dist.] 2009, no pet.). A duty exists, if it exists at all, only when the risk of criminal conduct is so great that it is both unreasonable and foreseeable. *Timberwalk*, 972 S.W.2d at 756.

20.     In determining foreseeability of certain criminal conduct at a particular premises, "courts should consider whether any criminal conduct previously occurred on or near the property, how recently it occurred, how often it occurred, how similar the conduct was to the conduct on the property, and what publicity was given to the occurrences to indicate that the landowner knew or should have known about them." *Timberwalk*, 972 S.W.2d at 757.

21.     Whether criminal activity is foreseeable in a particular instance requires "more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995). To support the foreseeability element, there must be evidence of criminal activity in the specific area at issue – either at Airport Texaco or nearby. *Timberwalk*, 972 S.W.2d at 757. The occurrence of a few crimes over an extended time period also serves to negate the foreseeability element. *Id.* at 758 (citing *Walker v. Harris*, 924 S.W.2d 375 (Tex. 1996)).

22.     Further, the previous crimes must be sufficiently similar to the crime in question. For example, vandalism to automobiles in a parking lot does not suggest the likelihood of an attempted robbery. *Id.*

23.     Finally, in order for an owner, manager, or person in control of a property to foresee similar criminal activity, they must have had knowledge of the similar criminal activity. *Id.* at 759. As such, in order for the criminal act to be foreseeable, prior similar criminal actions must have received sufficient publicity for the owner, manager, or person in control of the property to have knowledge of them. Property owners, managers, or persons in control have no duty to regularly inspect criminal records or to determine the risk of crime in an area. *Id.*

24.     Considering the above, Defendants are entitled to partial summary judgment on Plaintiff's premises liability claims because there is no evidence to suggest that the criminal conduct which caused their damages was foreseeable. Because the incident

arose from third party criminal conduct, Defendants did not breach any duty to Plaintiff without foreseeability.

25.     Plaintiff has no evidence of the factors – proximity, recency, frequency, similarity and publicity – which must be considered to determine whether the criminal conduct was foreseeable. In addition, Plaintiff cannot present expert testimony to establish those factors because the deadline to designate expert witnesses has passed. Defendants did not know or should have known of an unreasonable risk of harm to the victim.

26.     The first factor is whether any criminal conduct previously occurred on or near the property. *Timberwalk*, 972 S.W.2d at 757. For criminal conduct to be probative, the conduct must have resulted in an actual crime; call reports of suspected criminal activity are not sufficient evidence to establish foreseeability. *See Nichols v. Tanglewood Manor Apts.*, No. 14-04-00864-CV (Tex.App.–Houston [14th Dist.] 2006, no pet.) (memo op.; 2-7-06). At most, Plaintiff has produced a calls for service for the address 5454 Airport Blvd. from October 1, 2012 through October 31, 2015. *See* JIMENEZ000001-000011, attached as Exhibit E. The calls for service are not probative evidence to establish foreseeability. *Id.*; *see also Tex. Real Estate Holdings, Inc. v. Quach*, 95 S.W.2d 395, 399 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) ("[c]all reports include hang-up calls, mistake calls, missing person calls, information calls, calls for medical assistance, and calls to report suspected criminal activity").   In addition, the calls for service could have incorrectly identified the address or the call description.

27.     The other *Timberwalk* factors are: proximity of crimes, recency of crimes, frequency of crimes, similarity of crimes, and publicity of crimes. Aside from the calls for

service log, the only other evidence Plaintiff presents as evidence of foreseeability is his own deposition testimony in which he describes an alleged robbery that allegedly took place before the incident which forms the basis of this suit. Deposition of Alex Neftaly Iraheta Jimenez, Page 22, line 25; page 23, lines 1-25; page 24, lines 1-25, excerpts attached as Exhibit F. Plaintiff's other evidence includes medical records, photographs of Plaintiff, and two video recordings of the attempted robbery which forms the basis of this suit. The deadline for discovery and deadline to designate expert witnesses have passed. Therefore, Plaintiff cannot by pleadings, depositions, answers to interrogatories, and admissions on file present sufficient evidence to establish foreseeability.

28.     Considering the above, Defendants are entitled to partial summary judgment on Plaintiff's premises liability claim because there is no evidence to suggest that the criminal conduct which caused Plaintiff's damages was foreseeable. Because the incident arose from third party criminal conduct, Defendants did not breach any duty to Plaintiff without foreseeability.

## D. Plaintiff's Worker's Compensation Non-Subscriber's Claim is Meritless

29.     From Plaintiff's First Amended Complaint, it appears that Plaintiff makes a state law claim for Defendants' failure to maintain worker's compensation insurance. Defendants will address it because it has been plead and for purposes of completeness. There is no requirement that employers obtain worker's compensation insurance coverage. *See* TEX. LABOR CODE ANN. § 406.002(a). There is no cause of action in Texas for an employer to maintain worker's compensation. As such, Defendants request the Court grant partial summary judgment on Plaintiff's worker's compensation non-subscribers alleged cause of action.

## E. Conclusion

30.    Based upon the foregoing, Defendants, 5454 Airport, LLC, BFLP Operations, LLC (incorrectly named in portions of Plaintiff's First Amended Complaint as BLP Operations, LLC), Little York Plaza, LLC (incorrectly named as in portions of Plaintiff's First Amended Complaint as Little York Plaza Texaco, LLC), and Patricia Boulos Ganim are entitled to partial summary judgment on Plaintiff's premises liability cause of action because the criminal conduct of the third parties and the resulting injury of Plaintiff is not foreseeable and is a superseding cause that relieves the Defendants from liability. Additionally, Defendants are entitled to partial summary judgement on Plaintiff's alleged claim for failure to maintain worker's compensation insurance because there is no such requirement in Texas.

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.

*Shannon R. Ramirez by jm*

ALBERT T. VAN HUFF
Attorney-in-charge
SBN: 24028183
S.D. Tex.: 26968
SHANNON R. RAMIREZ
State Bar: 00794537
S.D. Tex.: 19849
1225 North Loop West, Suite 640
Houston, Texas 77008
(713) 880-2992 Tele.
(713) 880-5297 Fax

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

I hereby certify that a copy of the foregoing was served on all parties via regular mail on the ___11TH___ day of July, 2017.

*Shannon R. Ramirez by jm*

Shannon Robbie Ramirez