United States District Court
Southern District of Texas
**ENTERED**
October 13, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX NEFTALY IRAHETA JIMENEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-1749 |
| 5454 AIRPORT, LLC, *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 21] filed by Defendants 5454 Airport LLC, BFLP Operations LLC, Little York Plaza LLC, and Patricia Boulos Ganim. Plaintiff Alex Neftaly Iraheta Jimenez filed a Response [Doc. # 26], and Defendants filed a Reply [Doc. # 28] and an Amended Reply [Doc. # 29]. At the Court's direction, Plaintiff filed a Sur-Reply [Doc. # 31]. Having reviewed the full record and the applicable legal authorities, the Court **denies** Defendants' Motion.

## I.    BACKGROUND

Plaintiff worked as a cashier at the Airport Texaco, Defendants' gas station and convenience store. On October 18, 2015, while Plaintiff was working the night shift, there was an attempted robbery of the Airport Texaco. During the course of the attempted robbery, Plaintiff and the robbers shot at each other. Plaintiff was wounded

in the shoulder, and the robbers fled the scene.  Plaintiff was treated at the hospital and released the next day.

Plaintiff left Defendants' employ on March 27, 2016.  On May 16, 2016, Plaintiff filed this lawsuit in Texas state court alleging violations of the Fair Labor Standards Act ("FLSA"), as well as a claim for "premises liability and negligence." *See* Original Petition [Doc. # 1-1], ¶ 7.  Defendants filed a timely Notice of Removal. Following removal, Plaintiff filed a First Amended Complaint [Doc. # 10], in which he abandoned the premises liability claim and continued to assert the FLSA and negligence claims.

After the close of discovery, Defendants moved for summary judgment on the negligence claim.[1]  The Motion for Partial Summary Judgment has been fully briefed and is now ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions in the record, together with any affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  *See* FED. R.

---

[1]    Defendants also moved for summary judgment on "Plaintiff's alleged claim for failure to maintain worker's compensation insurance," but Plaintiff advises that he is not asserting this claim in the First Amended Complaint.

C̲IV̲. P. 56(a); *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 434 (5th Cir. 2016). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012).

If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (citing *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *See Guar. Bank & Trust Co. v. Agrex, Inc.*, 820 F.3d 790, 794 (5th Cir. 2016).

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." F̲ED̲. R̲. C̲IV̲. P. 56(c)(2); *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 n. 5 (5th Cir. 2012). A party challenging evidence presented in connection with a motion for summary judgment must demonstrate "that this evidence 'cannot be presented in a form that would be admissible in evidence,' *i.e.* that these exhibits cannot be verified and authenticated at trial." *See Hoffman v. Bailey*, __ F. Supp. 3d ___, 2017 WL 2653073, *15 (E.D. La. June 20, 2017) (quoting F̲ED̲. R̲. C̲IV̲. P. 56(c)).

III.   **ANALYSIS**

A.   **Applicable Legal Principles**

A negligence cause of action has three essential elements: (1) a legal duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) damages proximately caused by the breach.  *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *LMC Complete Auto., Inc. v. Burke*, 229 S.W.3d 469, 475 (Tex. App. – Houston [1st Dist.] 2007, review denied).  Defendants seek summary judgment on Plaintiff's negligence claim, arguing that it owed no duty to protect Plaintiff from criminal activity by unknown third parties.

An employer has a duty to use ordinary care in providing a safe workplace for its employees.  *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975); *LMC*, 229 S.W.3d at 476.  An employer is not, however, an insurer of its employees' safety.  *Id.* (citing *Elwood*, 197 S.W.3d at 794; *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993)).  "Determining whether an employer breached its duty to provide a safe workplace is necessarily fact specific."  *Browne v. Kroger Co.*, 2005 WL 1430473, *2 (Tex. App. – Houston [14th Dist.] June 21, 2005, no pet.) (citing *Great Atlantic & Pac. Tea Co. v. Evans*, 142 Tex. 1, 175 S.W.2d 249, 251 (1943)).

Although a person generally has no legal duty to protect another from the criminal acts of a third person, a person who controls the premises has a duty to use ordinary care to protect invitees from criminal acts of third parties if the person "knows or has reason to know of an unreasonable and foreseeable risk of harm" to the invitee. *Gibbs v. ShuttleKing, Inc.*, 162 S.W.3d 603, 609-10 (Tex. App. – El Paso, 2005) (citing *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997)). An employee is an "invitee" on his employer's premises. *See Guerrero v. Mem. Med. Center of East Tex.*, 938 S.W.2d 789, 791 (Tex. App. – Beaumont 1997, no pet.) (citing *Hernandez v. Heldenfels*, 374 S.W.2d 196, 197 (Tex. 1963)).

"The foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty of care on a person who owns or controls premises to protect others on the property [including employees] from the risk." *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). Whether a risk of criminal activity was foreseeable "must not be determined in hindsight but rather in light of what the premises owner knew or should have known before the criminal act occurred." *Id.* at 757. To determine whether the property owner should have foreseen criminal conduct on the premises, "courts should consider whether any criminal conduct previously occurred on or near the property, how recently it occurred, how often it occurred, how similar the conduct was to the conduct on the property, and

what publicity was given the occurrences to indicate that the landowner knew or should have known about them." *Id.*

### B. Plaintiff's Evidence

Plaintiff has presented evidence[2] that there had been assaults and other crimes involving weapons at the Airport Texaco in the months before he was injured. Indeed, Plaintiff has presented evidence that he was the victim of a different armed robbery while working at the Airport Texaco only one week before the attempted robbery in which he was shot. Plaintiff has presented evidence that there were 73 crimes reported in the area around the Airport Texaco between May 2012 and October 2015. Of those reported crimes, 66 were reported to have occurred at the Airport Texaco. Twenty-five of the reported crimes involved Plaintiff or another employee at the Airport Texaco.

Plaintiff's evidence regarding the similarity, recency, frequency, proximity, and publicity of the prior criminal activity at or near the Airport Texaco raises a genuine issue of material fact regarding whether the risk of criminal activity, including attempted armed robbery, at the Airport Texaco was foreseeable to Defendants. As

---

[2]     Defendants object to the admissibility of much of Plaintiff's evidence. Plaintiff has presented evidence including sworn testimony by himself and others, and records from the Houston Police Department. Plaintiff's evidence is either in admissible form or, as explained in Plaintiff's Sur-Reply, can be presented in admissible form at trial. As a result, Defendants' Rule 56(c) objection is overruled.

a result, Defendants' Motion for Partial Summary Judgment on the negligence claim will be denied.

## IV.   <u>CONCLUSION AND ORDER</u>

As explained above, Plaintiff has presented evidence that is either admissible or can be presented in a form that would be admissible at trial.  Plaintiff's evidence raises a genuine issue of material fact regarding his negligence claim based on his injury during the attempted robbery of the Airport Texaco.  Plaintiff has clarified that he is not asserting a claim for failure to maintain workers' compensation insurance coverage.  As a result, it is hereby

**ORDERED** that the Motion for Partial Summary Judgment [Doc. # 21] is **DENIED**.  The case remains scheduled for docket call on **November 13, 2017**.

SIGNED at Houston, Texas, this **13th** day of **October, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE